MYSTY LANGFORD, ESQ.
Nevada Bar No. 16909
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
P: (702) 444-4444
F: (702) 444-4455
E: mlangford@richardharrislaw.com
*Attorneys for Plaintiff*

BRETT A. SHUMATE
Assistant Attorney General
SIGAL CHATTAH
Acting United States Attorney
GAVIN J. HALLISEY
Trial Attorney
U.S. Department of Justice
Civil Division, Torts Branch
Post Office Box 14271
Washington, D.C. 20044-4271
(202) 307-1030
Gavin.Hallisey@usdoj.gov
*Attorneys for United States of America*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MATT BINNER, individually<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | CASE NO.:    2:25-cv-00712-JAD-EJY<br><br><br>**STIPULATION AND ORDER TO STAY DISCOVERY AND ALL CASE DEADLINES PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO DISMISS [ECF 8]** |

IT IS HEREBY STIPULATED by and between Plaintiff Matt Binner, through his

counsel of record Mysty Langford, Esq. of the Richard Harris Law Firm, and Defendant United

States of America by and through its counsel of record Gavin J. Hallisey, Esq., of the U.S.

Department of Justice, (collectively "Parties"), that all discovery and case deadlines be stayed

until the disposition of Defendant's pending motion to dismiss [ECF 8]. This stipulation is

submitted and based upon the following:

      1.  This is the Parties' first request for a stay of discovery.

2.  On June 27, 2025, Defendant filed in motion to dismiss [ECF 8] ("Motion to Dismiss").

3.  On July 10, 2025, Plaintiff filed his opposition and countermotion to amend complaint [ECF 11].

4.  On July 17, 2025, Defendant filed its reply in support of Motion to Dismiss [ECF 12].

5.  The Motion to Dismiss remains pending before the Court.

6.  The Parties acknowledge their obligations under Fed. R. Civ. P. 26 but agree that a stay of discovery is appropriate until the Court rules on Defendant's Motion to Dismiss, which raises a statute of limitations defense under Fed. R. Civ. P. 12(b)(6).

7.  In addition, given the pendency of Defendant's Motion to Dismiss, the Parties desire to avoid the time and expense of imminent discovery deadlines and to avoid inefficiently using judicial resources on potentially unnecessary discovery disputes or motion practice.

8.  Courts in this District have recognized that a discovery stay is warranted where a pending dispositive motion may resolve the action in its entirety or substantially narrow the issues for discovery.

9.  Accordingly, the Parties have agreed to stay all discovery and case deadlines until the disposition of Defendant's Motion to Dismiss in order to conserve the Parties' resources and for the sake of judicial economy.

10. It is well recognized that "[c]ourts have broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-CV-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020), citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).  In exercising such discretion, "courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* Fed. R. Civ. P. 1.  The Parties agree that good cause exists to stay discovery and all case deadlines while Defendant's Motion to Dismiss remains pending, which might effectively suspend or dispose of this action or certain of Plaintiffs' claims. *See Schrader v. Wynn Las*

RICHARD HARRIS
L A W   F I R M

*Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

11. Proceeding with discovery before Defendant's Motion to Dismiss is resolved could cause unnecessary expense to the Parties, particularly because this is a complicated matter which may ultimately be consolidated with four other pending cases, and which may clog the Court's docket with potentially unnecessary discovery disputes or motion practice.

12. Consistent with the foregoing, the Parties believe they will be in a better position to resume discovery once Defendant's Motion to Dismiss is resolved.

13. For all these reasons, the Parties believe it is in the interest of judicial efficiency and economy to stay discovery and all case deadlines until the disposition of Defendant's Motion to Dismiss.

14. In the event that Defendant's Motion to Dismiss is denied, the Parties will submit a Discovery Plan and Scheduling Order ("DPSO") within 14 days after Defendant files its Answer.  This DPSO set discovery or case deadlines pro rata from the date of the Court's ruling on Defendant's Motion to Dismiss, or as the Parties may otherwise agree or deem necessary.

15. The Parties further agree that they are not waiving, relinquishing, or otherwise

. . . .

. . . .

. . . .

impairing any claim, defense, or other right they may have by virtue of entering into

this Stipulation.

DATED this 17th day of September 2025.

**RICHARD HARRIS LAW FIRM**


*/s/ Mysty Langford*
MYSTY LANGFORD, ESQ.
Nevada Bar No. 16909
801 South Fourth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

DATED this 18th day of September 2025.

**U.S. DEPARTMENT OF JUSTICE**


*/s/ Gavin J. Hallisey*
GAVIN J. HALLISEY
Trial Attorney
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 14271
Washington, DC 20044-4271
(202) 307-1030
Gavin.Hallisey@usdoj.gov
*Attorney for Defendant*


**IT IS SO ORDERED.**


**UNITED STATES MAGISTRATE JUDGE**


**DATED:** September 18, 2025

Page 4 of 4